# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> Civil Action No. 2:25-cv-11823 |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiffs, named herein through Exhibit A, file this Short Form Complaint and Jury Demand against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order ("CMO") No. 35. This Short Form Complaint is being utilized, permitted, and filed in the interests of judicial economy and takes an abbreviated form. Whether and when there will be non-short form complaints and answer(s) will be the subject of further discussions among counsel and the Court. Plaintiffs' Leadership and Defendants' Leadership have stipulated and agreed that at this time and until further Order of the Court, they will not assert that any Short Form Complaint (1) fails to state a cognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or (4) any other defenses related to insufficiency of pleadings. Plaintiffs' Leadership and Defendants' Leadership have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short Form Complaints asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints subject to this Order shall be stayed and may proceed only upon leave of Court and with the protections afforded under CMO 35. Use of this Short Form Complaint will not be permitted after the expiration of the Filing Facilitation Window as set forth by this Court in CMO 35.

**Plaintiffs**

1. Plaintiffs, listed in attached Exhibit A, allege exposure to Perfluoroalkyl and Polyfluoroalkyl Substances ("PFAS") due to Aqueous Film-Forming Foam ("AFFF"). As a result of exposure to AFFF, Plaintiffs (and/or Decedents) endured pain and suffering, emotional distress, mental anguish, economic injuries, and personal injuries as described below.

2. Plaintiffs allege the plaintiff-specific information, listed in Exhibit A.

**Defendants**

3. Plaintiffs bring suit against the following defendants (list all defendants being named):

| Defendant 1 | 3M Company, f/k/a Minnesota Mining and Manufacturing Co. |
| Defendant 2 | AGC Chemicals Americas, Inc. |
| Defendant 3 | Allstar Fire Equipment |
| Defendant 4 | Amerex Corporation |
| Defendant 5 | Archroma U.S. Inc. |
| Defendant 6 | Arkema, Inc. |
| Defendant 7 | BASF Corporation, individually and as successor in interest to Ciba Inc. |
| Defendant 8 | Buckeye Fire Equipment Company |
| Defendant 9 | Carrier Global Corporation |
| Defendant 10 | CB Garment, Inc. |
| Defendant 11 | ChemDesign Products, Inc. |
| Defendant 12 | Chemguard, Inc. |
| Defendant 13 | Chemicals Incorporated |
| Defendant 14 | Chemours Company FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 15 | Chubb Fire, Ltd. |

| | |
|---|---|
| Defendant 16 | Clariant Corporation, individually and as successor in interest to Sandoz Chemical Corporation |
| Defendant 17 | Corteva, Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 18 | Daikin America, Inc. |
| Defendant 19 | Deepwater Chemicals, Inc. |
| Defendant 20 | Dupont De Nemours Inc., individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 21 | Dynax Corporation |
| Defendant 22 | EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company |
| Defendant 23 | Fire-Dex, LLC |
| Defendant 24 | Fire Service Plus, Inc. |
| Defendant 25 | Globe Manufacturing Company LLC |
| Defendant 26 | Honeywell International, Inc. |
| Defendant 27 | Honeywell Safety Products USA, Inc. |
| Defendant 28 | Innotex Corp. |
| Defendant 29 | Johnson Controls, Inc. |
| Defendant 30 | Kidde P.L.C., Inc. |
| Defendant 31 | Lion Group, Inc. |
| Defendant 32 | L.N. Curtis & Sons |
| Defendant 33 | Milliken & Company |
| Defendant 34 | Mine Respirator Company, LLC, f/k/a Mine Safety Appliances Company LLC |
| Defendant 35 | Morning Pride Manufacturing, LLC |
| Defendant 36 | Municipal Emergency Services, Inc. |
| Defendant 37 | Nation Ford Chemical Company |
| Defendant 38 | National Foam, Inc. |
| Defendant 39 | PBI Performance Products, Inc. |

| Defendant 40 | Perimeter Solutions, LP |
|---|---|
| Defendant 41 | Ricochet Manufacturing Co., Inc. |
| Defendant 42 | Safety Components Fabric Technologies, Inc. |
| Defendant 43 | Southern Mills, Inc. d/b/a TenCate Protective Fabrics |
| Defendant 44 | Sperian Protective Apparel USA, LLC |
| Defendant 45 | Stedfast USA, Inc. |
| Defendant 46 | Springfield, LLC |
| Defendant 47 | The Chemours Company, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 48 | The Chemours Company FC, LLC, individually and as successor in interest to DuPont Chemical Solutions Enterprise |
| Defendant 49 | Tyco Fire Products, LP, individually and as successor in interest to The Ansul Company |
| Defendant 50 | United Technologies Corporation |
| Defendant 51 | UTC Fire & Security Americas Corporation, Inc. f/k/a GE Interlogix, Inc. |
| Defendant 52 | Veridian Limited |
| Defendant 53 | Witmer Public Safety Group, Inc. |
| Defendant 54 | W.L. Gore & Associates, Inc. |

## Jurisdiction and Venue

4. Plaintiff(s) allege(s) jurisdiction based on:

  ☒  Diversity

  ☐  Federal Question

  ☐  The "Mass Action" provisions of the Class Action Fairness Act ("CAFA"), which include the requirements under 28 U.S.C. § 1332(d)(11)

  ☐  Other: _____.

5. Plaintiffs designate the District Courts indicated on Exhibit A as the "Home Venue" defined as the proper venues of origin where the claims could have overwise been brought pursuant to 28 U.S.C. § 1391.

### Plaintiff's Allegations of Exposure

6. Plaintiffs allege exposure to PFAS, as described below and in Exhibit A, as a result of:

    ☒ Direct exposure to AFFF (*i.e.,* use or handling of AFFF); and/or

    ☐ Exposure to drinking water contaminated with PFAS as a result of AFFF; and/or

    ☒ Exposure to turnout gear ("TOG") containing PFAS.

    The specific exposure alleged by plaintiff is indicated above and in Exhibit A.

### Plaintiff's Alleged Injuries

7. Plaintiffs allege one more of the following personal injuries as described below and in Exhibit A:

    ☐ Kidney Cancer

    ☐ Testicular Cancer

    ☐ Thyroid Disease

    ☐ Ulcerative Colitis

    ☐ Liver Cancer

    ☒ Thyroid Cancer

8. Plaintiffs have not described or alleged secondary injuries, damages, or sequela of the injuries alleged above. Plaintiffs reserve the right to seek damages for all such secondary injuries, damages, or sequela attributable to the injuries alleged above.

5

## Causes of Action

9. The specific causes of action Plaintiffs can adopt and incorporate by reference as if set forth fully herein, are the following Causes of Action, of which each Plaintiff, listed in Exhibit A, adopts and alleges such Causes as indicated below and on Exhibit A:

| Plaintiff Adopts/Alleges as marked and on Exhibit A | COUNT NO. | CAUSE OF ACTION |
|---|---|---|
| | | |
| ☒ | Count I | Defective Design |
| ☒ | Count II | Failure to Warn |
| ☒ | Count III | Negligence |
| ☒ | Count IV | Negligence Per Se |
| ☒ | Count V | Trespass and Battery |
| ☒ | Count VI | Strict Product Liability |
| ☐ | Count VII | Market Share Liability, Alternative Liability, Concert Action, and Enterprise Liability |
| ☒ | Count VIII | Concealment, Misrepresentation, and Fraud |
| ☒ | Count IX | Conspiracy |
| ☐ | Count X | Wrongful Death |
| ☒ | Count X1 | Loss of Consortium |
| | | |
| Other Causes of Action: | | |
| ☒ | Count XII | Louisiana Products Liability Act (LPLA) La. R.S. (2800).51-60 |
| ☒ | Count XIII | Breach of Implied Warranties |
| | Count XIV | |
| | Count XV | |
| | Count XVI | |
| | Others | |
| | | |
| | | |
| | | |

## **Jury Demand**

10. Plaintiffs demand a trial by jury as to all claims in this action.

Dated: September 1, 2025
       Lake Charles, LA

Respectfully submitted,

**LUNDY LLP**

By: */s/ Kristie M. Hightower*
Kristie M. Hightower, Esq.
501 Broad Street
Lake Charles, LA 70601
Tel. (337) 439-0707
khightower@lundyllp.com

*Counsel for Plaintiffs*

Exhibit A to Short Form Complaint in *In re: Aqueous Film-Forming Foams Products Liability Litigation*, MDL 2873[1]

| | Plaintiff Name *(if injured party is deceased or incapacitated, style as "Plaintiff name o/b/o Injured/deceased Party Plaintiff Name")*[2] | DOB (of injured party) | State of Residence | Home venue (per ¶ 5) | Direct Exposure to AFF (per ¶ 6) | Exposure to Contaminated Drinking Water | Firefighter Turnout Gear | Alleged Injury/ies (per ¶ 7) (only include: kidney cancer; testicular cancer; thyroid disease; ulcerative colitis; liver cancer; and/or thyroid cancer) | Causes of Action (please indicate via Count number) (per ¶ 9) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Suarez, David Robert | 2/21/1972 | Louisiana | USDC WDLA | Yes | No | Yes | Thyroid Cancer | I, II, III, IV, V, VI, VIII, IX, XII, XIII |
| 2 | Suarez, Kristy Lee | 8/15/1972 | Louisiana | USDC WDLA | No | No | No | N/A | XI |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |
| 5 | | | | | | | | | |
| 6 | | | | | | | | | |
| 7 | | | | | | | | | |
| 8 | | | | | | | | | |
| 9 | | | | | | | | | |
| 10 | | | | | | | | | |
| 11 | | | | | | | | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |
| 20 | | | | | | | | | |

[1] Plaintiffs must be listed alphabetically by last name first, then first name. For example: Doe, John.
[2] No more than 150 plaintiffs may be listed. A spousal plaintiff with a loss of consortium claim is considered and will count as a separate plaintiff for this purpose, and the spouse should be listed beneath the plaintiff whose alleged injury gives rise to the spouse's claim/s.